IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBIN FINSTAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-488-A |
| | § | |
| CITY OF PELICAN BAY, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision are the motions of defendants, City of Pelican Bay, Texas, ("City") and Cass Calloway ("Calloway"), to dismiss for the failure of plaintiff, Robin Finstad, to state a claim upon which relief can be granted. After having considered such motions, the response of plaintiff, the replies of City and Calloway, plaintiff's complaint, and applicable legal authorities, the court has concluded that both motions should be granted and that all claims and causes of action asserted by plaintiff against City and Calloway should be dismissed.

I.

### Plaintiff's Complaint

Plaintiff, who apparently is a current or former member of City's city council, seeks to recover actual and punitive damages, attorney's fees, court costs, and pre- and post-judgment

interest against defendants as a result of what plaintiff refers to as an unlawful detention and arrest "for allegedly fleeing from the police." Compl. at 4, ¶ 1.13. In summary form, the conclusory allegations made by plaintiff in support of her prayer for monetary relief are as follows:

City's Police Department, at the instruction of its now-deceased mayor, Clifford Tynes ("Tynes"), and at the advice of its city attorney, Calloway, began a campaign of intimidation and retaliation against plaintiff for her having questioned the finances of City under Tynes's stewardship, including the costs of Calloway's bills to City for his legal services. Calloway and Tynes conspired to falsely accuse and arrest plaintiff.

City is a mayor-council form of government. Tynes, as mayor, was the policy maker for City. He had the power to hire and fire City's department heads, and to establish policies and customs for City, including the police department.

While Gilbert Townes ("Townes") was City's chief of police, Tynes on several occasions ordered Townes to find a way to make an unlawful arrest of plaintiff because she was asking too many questions about the budget and the operations of City, including legal expenses paid to Calloway. Tynes told Townes that if he did not arrest plaintiff, he would be fired. When Townes

2

continued to refuse to make an unlawful arrest of plaintiff, Tynes fired Townes.

It was policy, custom, and practice of Tynes to try to cause his political opponents, such as plaintiff, to be charged criminally, arrested, and confined in an effort to exercise his political will and intimidate his political opponents. Consistent with Tynes's policies, customs, and practices, Tynes ordered the arrest of plaintiff even though there was no legal reason for her to be arrested and she had not committed any crime.

After firing Townes, Tynes appointed a new chief of police for City, James Frawley ("Frawley"). Immediately thereafter, Tynes ordered Frawley to arrest plaintiff. Following the orders of Tynes and Calloway, "Plaintiff was unlawfully detained and arrested for allegedly fleeing from the police." Id. Calloway has a prior history of conspiring to have persons arrested who question his actions and/or fees," id. at 6, ¶ 5.04, and "Calloway conspired with . . . Tynes and aided and abetted . . . Tynes in the false arrest of Plaintiff," id., ¶ 5.05. The false charge was dropped following plaintiff's arrest.

For the deliberate violation of her civil rights by City, "Plaintiff seeks damages to compensate for her injuries, damages, and/or suffering," and she "brings [the] action under 42 U.S.C.

3

§§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and other constitutional provisions and laws of the State of Texas and the United States for the deprivation of her rights under color of law and in violation of federal laws and the laws of the State of Texas." Id. at 4, ¶ 1.15.

II.

Grounds of the Motions to Dismiss

Both motions are predicated on the broad proposition that the conclusory allegations of plaintiff's complaint fail to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure as defined by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

City maintains that for plaintiff to state a cause of action against it under § 1983 she must plead facts showing that (1) a policy or custom of City existed; (2) City's policy makers actually or constructively knew of its existence; (3) a violation of plaintiff's constitutional rights occurred; and (4) the custom or policy served as the moving force behind the violation, and that plaintiff has failed to satisfy those pleading requirements. Consequently, City asserts, plaintiff has not factually alleged a cause of action against City under § 1983, which is the statutory

vehicle through which plaintiff must assert whatever federal claims she contends she has against City.

As to whatever state law claims plaintiff might be trying to assert against City, City argues that it has sovereign immunity from any such claim; and, City adds that to whatever extent plaintiff might be seeking to assert a claim against City under the Texas Tort Claims Act ("Act"), such a claim would be unsuccessful because the Act expressly excludes from its scope any intentional tort such as the intentional tort of false arrest alleged by plaintiff against City.

City adds that both federal and state law are clear that in no event could plaintiff successfully assert a claim against City for punitive damages.

City and Calloway both maintain that plaintiff has not satisfied the plausibility pleading requirements mandated by the Supreme Court in Twombly and Iqbal as to her claim that Tynes and Calloway caused her to be unlawfully arrested. They note in their motions the absence of any allegations in the complaint of the factual details surrounding her arrest or that would lead to a plausible conclusion that her arrest was the result of Tynes and Calloway instructing the police chief to arrest her unlawfully. Both defendants note that absent from the complaint are any allegations of fact that, if believed, would lead to the

5

conclusion that plaintiff had not engaged in conduct that provided probable cause for her to be arrested by a member or members of City's police department.

Calloway adds in his motion that plaintiff has failed to identify factually any facts that would support plaintiff's conclusory allegation that Calloway conspired with Tynes to have plaintiff unlawfully arrested, or that the arrest of which plaintiff complains was the product of any such conspiracy.

### III.

### Analysis

A.  **Legal Standards to be Applied**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, Twombly, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare

6

legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 669 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.  Plaintiff Failed to Make a Plausible Assertion That Her Alleged Unlawful Arrest Was Caused by Any Policy, Custom, or Practice Adopted or Created by the Governing Body of City

Plaintiff alleged that "[i]t was the policy, custom and practice of Mayor Tynes to try and get his political opponents, such as Plaintiff Finstad, charged with criminal charges, arrested, and confined in an effort to exercise his political will and intimidate his political opponents" and that "[c]onsistent with Mayor Tynes [sic] policies, customs, and practices, Mayor Tynes ordered the arrest of Plaintiff Finstad

7

even though there was no legal reason to do so and she had not committed any crime." Compl. at 3-4, ¶ 1.12. Apparently plaintiff assumes that a policy, custom, or practice of Tynes is attributable to City, and that City somehow becomes liable under the respondeat superior doctrine for damages resulting from Tynes's pursuit of his policy, custom, or practice. Plaintiff is mistaken.

By Texas statute, the mayor of a Texas municipality is charged with the obligation to "actively ensure that the laws and ordinances of the municipality are properly carried out"; and, he "shall perform the duties and exercise the powers prescribed by the governing body of the municipality." Tex. Local Gov't Code, § 22.042(a). Plaintiff does not identify in her complaint the governing body of City. Presumably it is City's city council. Whatever it is, plaintiff has made no allegation of fact that the governing body of City had any policy, custom, or practice of allowing City officials, including the mayor, to cause illegal arrests to be made.

As the Supreme Court hastened to emphasize in Pembaur v. Cincinnati, "not every decision by municipal officers automatically subjects the municipality to § 1983 liability" and that "[m]unicipal liability attaches only where the decision maker possesses final authority to establish municipal policy

8

with respect to the action ordered." 475 U.S. 469, 481 (1986). The failure of plaintiff to allege facts that, if believed, would lead to the conclusions that City had a policy, custom, or practice of having its officials cause unlawful arrests to be made and that plaintiff's arrest was the result of such a policy, custom, or practice is fatal to her alleged federal law claims against City.

C.  As a Matter of Law Plaintiff's Alleged State Law Claims Against City Lack Merit

City has sovereign immunity from state law claims absent a clear and unambiguous expression by the Texas Legislature of its intent to waive immunity. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003); see also, Tex. Gov't Code § 311.034.

Any claim against a governmental entity in the nature of a tort are assumed to be brought pursuant to the Act. Mission Consol. I.S.D. v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008). For plaintiff to bring a state law claim against City on the basis of an alleged unlawful arrest, she would have to find basis for it in the Act. She claims that she was harmed by the intentional conduct of Tynes in causing her to be unlawfully arrested. Thus, her claim fails as a matter of law because City's sovereign immunity is preserved for such a false arrest claim. See Morris

v. Copeland, 944 S.W.2d 696, 699 (Tex. App.--Corpus Christi, 1997, no writ).

D.   **Plaintiff Failed to Allege a Plausible Claim of Unlawfulness of the Arrest She Sought to Attribute in Her Pleading to Tynes and Calloway**

Conspicuously absent from plaintiff's complaint is any allegation that the officer or officers of City who arrested her did not have probable cause to believe that she had engaged in conduct that would make such an arrest appropriate. She alleged that Tynes ordered her arrest even though there was no legal reason to do so, but she failed to allege that when she was actually arrested she had not engaged in conduct that caused the arresting officer or officers to have a legitimate reason-- probable cause--for arresting her.

Plaintiff has chosen not to provide any of the details surrounding her arrest other than that it was for allegedly fleeing from the police. She simply has failed to satisfy her pleading obligation to plead facts that would make plausible her claim that the officer or officers who arrested her intentionally acted unlawfully as opposed to responding to what he or they perceived was illegal conduct on her part. This provides an additional reason why the claims against City must be dismissed and a reason why the claims against Calloway must be dismissed.

E.  <u>Plaintiff's Conspiracy Allegations Against Calloway are Insufficient</u>

Plaintiff made conclusory allegations that Calloway conspired with Tynes to falsely accuse and arrest plaintiff, Compl. at 2, ¶ 1.04, that Calloway had a prior history of conspiring to have persons arrested who questioned his actions and/or fees, <u>id.</u> at 6, ¶ 5.04, and that Tynes conspired with Calloway to order plaintiff's false arrest and in her false arrest, <u>id.</u>, ¶ 5.05. None of those broad conclusory allegations are supported by any facts that would make them plausible. Much less is there any allegation of fact that the actual arrest of which plaintiff complained was the product of any conspiracy of which Calloway was a part. This provides another reason why Calloway's motion must be granted.

IV.

Order

For the reasons stated above,

The court ORDERS that the motions of City and Calloway to dismiss be, and are hereby, granted; and

The court further ORDERS that all claims and causes of action alleged by plaintiff against City or Calloway be, and are hereby, dismissed.

SIGNED September 9, 2014.

_____
JOHN McBRYDE
United States District Judge

11